1  Mara W. Murphy (State Bar No. 185902)
   David A. Forkner (*pro hac vice application forthcoming*)
2  Eli S. Schlam (*pro hac vice application forthcoming*)
   WILLIAMS & CONNOLLY LLP
3  725 Twelfth Street, N.W.
   Washington, DC 20005
4  Telephone:  (202) 434-5000
5  Facsimile:  (202) 434-5029
   E-mail:  mmurphy@wc.com
6  E-mail:  dforkner@wc.com
7  Email:  eschlam@wc.com

8  Jeffrey E. Faucette (State Bar No. 193066)
   SKAGGS FAUCETTE LLP
9  One Embarcadero Center, Suite 500
   San Francisco, CA 94111
10 Telephone:  (415) 315-1669
   Facsimile:  (415) 433-5994
11 E-mail:  jeff@skaggsfaucette.com

12
   *Attorneys for Defendants Mars, Incorporated and*
13 *Mars Food US, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA L. VIGIL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARS, INC., a Delaware Corporation, and MARS FOOD US, LLC, a Delaware company,<br><br>Defendants. | **Case No.:  3:16-cv-3818**<br><br>**NOTICE OF PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[*Removed from Alameda County Superior Court, Case No. RG16819596.  Assigned to Judge Brad Seligman*]<br><br>Complaint Filed:  June 15, 2016 |

PLEASE TAKE NOTICE that Defendants Mars, Incorporated and Mars Food US, LLC (collectively, "Mars" or the "Mars Defendants"), through undersigned counsel, hereby remove the

case identified in paragraph 1 below to this Court. The removal is made pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**I.    THE REMOVED ACTION**

1.    On or about June 15, 2016, Plaintiff Melissa L. Vigil filed the removed case, a putative nationwide class action, in the Superior Court of California, County of Alameda, captioned *Melissa L. Vigil, individually and on behalf of all others similarly situated v. Mars Incorporated, a Delaware Corporation and Mars Food US, LLC, a Delaware corporation*, Docket No. RG16819596. Plaintiff served her Complaint on Defendants on June 20, 2016.

2.    Plaintiff alleges that she purchased "Uncle Ben's Ready Rice products on at least three different occasions, including . . . [Uncle Ben's®] Rice Pilaf and Original flavored Ready Rice products." Compl. ¶ 7. Plaintiff further alleges that while it is marketed in multiple flavors, "the packaging, cooking instructions, product and serving size are substantially identical throughout Defendants' Ready Rice line" of products (the "Rice Products" or the "Products"). Compl. ¶ 1. Plaintiff contends that Mars has misrepresented the "servings per container" on the entire line of Rice Products, thereby violating state and food labeling law. *See id.* ¶¶ 11- 15.

3.    Based on this alleged conduct, Plaintiff pleads five causes of action. Plaintiff asserts one cause of action under California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, for allegedly "misleading and deceptive" and "untrue" advertising. *See* Compl. ¶¶ 25-33. Plaintiff asserts one cause of action under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*. *See id.* ¶¶ 34-42. Plaintiff asserts three causes of action under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*, for allegedly "unlawful," "unfair," and "fraudulent" business acts and practices. *See id.* ¶¶ 43-65.

4.    Plaintiff seeks to represent a putative nationwide class as follows:

All persons [sic] who, within four (4) years of the filing of this Complaint, purchased, Defendant's Uncle Ben's Ready Rice products.

*Id.* ¶ 17.  Plaintiff's claim brought under the "fraudulent" prong of the UCL—Count V—is made on behalf of "Plaintiff Vigil and California Sub-Class members."  *Id.* ¶ 65.  All other causes of action are made on behalf of the nationwide class.

5. Based on the foregoing, Plaintiff seeks damages, restitution and/or disgorgement of the purchase price of all Rice Products purchased by putative class members since June 15, 2012;[1] an order enjoining Mars from "continuing to engage in the unlawful and unfair business acts and practices as alleged herein;" an award of attorneys' fees and costs, including expert witness fees; and pre-judgment and post-judgment interest.  *Id.* ¶¶ 33, 41-42, 50, 58, 65 & Prayer for Relief.

## II.   THE REMOVAL IS TIMELY

6. The removal is timely under 28 U.S.C. § 1446(b).  Plaintiff served Mars with copies of the Complaint on June 20, 2016, as reflected on the first page of Exhibit A.  Mars filed this Notice of Removal within thirty (30) days of service, as required under the law.  *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## III.  THE CONSENT REQUIREMENT IS INAPPLICABLE

7. The Mars Defendants are the only named defendants in the case.  In any event, this case could be removed by any defendant without the consent of any other defendant, as provided by 28 U.S.C. § 1453(b).

## IV.   THE VENUE REQUIREMENT IS MET

8. Venue is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## V.    FEDERAL JURISDICTION EXISTS

9. Federal jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as amended at 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, and 1711-1715).  CAFA confers federal jurisdiction over putative class actions involving:  (a)

---

[1] Plaintiff alleges that the class period commences on June 15, 2012, four years before Plaintiff filed her Complaint.  *See* Compl. ¶ 17.  For purposes of this petition only, Defendants treat June 15, 2012 as the start of the putative class period.

1  minimal diversity (i.e., diversity between any defendant and any putative class member); (b) at least
2  100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and
3  costs. *See* 28 U.S.C. § 1332(d); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).
4  Unlike other removal cases, "no antiremoval presumption attends cases invoking CAFA, which
5  Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*
6  *Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co.*, 133
7  S. Ct. at 1350 ("CAFA's primary objective is to ensure Federal court consideration of interstate
8  cases of national importance.") (internal quotation and citation omitted)).  This case satisfies
9  CAFA's requirements.

### A. The Parties Are Diverse

11.    10.    The parties are minimally diverse because Mars, Inc. and Plaintiff are, and were at all relevant times, citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A) (providing that for purposes of CAFA jurisdiction, minimal diversity requires "any member of a class of plaintiffs" to be "a citizen of a State different from any defendant").

11. Plaintiff was (and is) a California resident and citizen. *See* Compl. ¶ 7 ("Plaintiff Melissa L. Vigil is, and at all times relevant hereto was, a resident of California and a citizen of California."); *see also* 28 U.S.C. § 1332(a)(l) (an individual is a citizen of the state in which he or she is domiciled).

12. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time of the filing of the pleadings and this notice of removal, Mars, Inc. was (and remains) incorporated in Delaware. Compl. ¶ 8; *see* Declaration of Andrew Cops ("Cops Decl.") ¶ 3 (attached hereto as Exhibit B). At the time of the filing of the pleadings and this notice of removal, Mars, Inc.'s headquarters was (and remains) in McLean, Virginia. *Id*. Accordingly, Mars, Inc. is not a citizen of California.

13. Thus, the parties are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

**B.     The Proposed Nationwide Putative Class Exceeds 100**

14.     Defendants do not concede the propriety of Plaintiff's putative class or subclass or that Plaintiff has pled a proper class or subclass.  The Mars Defendants do not waive and, to the contrary, reserve their rights to challenge the propriety of the putative class and subclass in all respects.  However, the Court looks to a plaintiff's allegations respecting class size for purposes of removal.  *See Standard Fire Ins. Co.*, 133 S. Ct. at 1348.

15.     As pled, Plaintiff's proposed class easily exceeds 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff purports to maintain a nationwide putative class action on behalf of "[a]ll persons [sic] who, within four (4) years of the filing of this Complaint, purchased, Defendant's Uncle Ben's Ready Rice products."  Compl. ¶ 17.  "Plaintiff is informed and believes that there are tens of thousands of members of the proposed Class."  *Id*. ¶ 19.  Thus, the proposed putative nationwide class well exceeds 100 members.

**C.     The Amount in Controversy Exceeds $5 Million**

16.     "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

17.     CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  "[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million."  *Standard Fire Ins. Co.*, 133 S. Ct. at 1348.

18.     In determining the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the Plaintiff on all such claims.  *See Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").  The Court also may consider summary-judgment-type evidence relevant to the amount in controversy.  *See id*. at 400-01; *Kenneth Rothschild Trust v. Morgan Stanley Dean*

*Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Dart Cherokee*, 135 S. Ct. at 551-554 (2014).

19. Here, it is clear that the amount in controversy for the entire class exceeds $5 million. Plaintiff alleges that the Rice Products "cannot legally be manufactured, held, advertised, distributed or sold." Compl. ¶ 33; *see id*. ¶¶ 50, 58, 65. For each putative class member, Plaintiff seeks a full "refund of the purchase price of the product" over a four-year period. *Id*. By doing so, Plaintiff has placed into controversy *at least* the total price paid by all putative class members, which consists of all consumers nationwide who purchased the Rice Products since June 15, 2012. Plaintiff further seeks attorneys' fees, and has threatened to seek punitive damages and statutory damages "[s]hould Defendants fail to adequately respond to Plaintiff's [CLRA] notice within 30 days." *Id.* ¶ 42; *see id*., Prayer for Relief.

20. During the relevant time period, retail sales for Uncle Ben's® Ready Rice® Products exceeded $10 million. *See* Cops Decl. ¶ 4. From June 15, 2012 to June 14, 2016, retail sales for the Rice Products in California alone exceeded $8 million. *Id.* ¶ 5. Hence, the amount in controversy is greater than $5 million.

**VI. PAPERS FROM THE REMOVED ACTION**

21. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State court have been filed with the Court. *See* Ex. A.

22. Pursuant to 28 U.S.C. § 1446(d), the Mars Defendants are serving written notice of the removal of this case on Plaintiff's counsel:

> Jeffrey R. Krinsk
> William R. Restis
> Trenton R. Kashima
> Finkelstein & Krinsk LLP
> 550 West C Street, Suite 1760
> San Diego, CA  92101

23. Pursuant to 28 U.S.C. § 1446(d), the Mars Defendants will promptly file a Notice of Filing of Removal with the Clerk of the Superior Court of California, County of Alameda. A true and correct copy of this Notice is attached hereto as Exhibit C.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants hereby remove the above-captioned action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: July 8, 2016

Respectfully submitted,

By: */s/ Mara W. Murphy*
Mara W. Murphy (State Bar No. 185902)
David A. Forkner (*pro hac vice application forthcoming*)
Eli S. Schlam (*pro hac vice application forthcoming*)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: mmurphy@wc.com
E-mail: dforkner@wc.com
Email: eschlam@wc.com

Jeffrey E. Faucette (State Bar No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

*Attorneys for Defendants Mars, Incorporated and Mars Food US, LLC*

- 7 -
NOTICE OF PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT – Case No. 3:16-cv-3818