UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA L VIGIL,

        Plaintiff,

   v.

MARS, INC., et al.,

        Defendants.

Case No. 16-cv-03818-VC

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 9

      Melissa Vigil has filed a lawsuit against Mars, Inc. about the amount of rice contained in a package of Uncle Ben's Ready Rice. Vigil alleges that the label on the package is misleading because it says that a "serving size" is one cup, and that the product has "About 2" servings per container. Vigil alleges that a reasonable consumer would expect, in light of these representations, that a package of Ready Rice would have around two cups in it. But she alleges that when she microwaves a full package of Ready Rice, it actually produces only around 1 1/3 or 1 1/2 cups. Vigil also alleges that the number of cups in a serving or a packet of Ready Rice should, under federal regulations, be expressed in 1/4 and 1/3 cup increments. Paragraph ten of Vigil's complaint states as follows: "The allegations of this class action can be summarized simply: Defendants' Uncle Ben's Ready Rice products do not contain the amount of rice advertised. California consumers are, therefore, paying for an amount of rice that they do not receive."

      In its motion to dismiss, Mars points out that the applicable FDA regulations instruct manufacturers to use a whole number when identifying the number of servings per container, to round to the nearest whole number if necessary, and, if rounding has been done, to use the word

"about" in describing the number of servings. 21 C.F.R. § 101.9(b)(8)(i). Therefore, Mars contends, the phrase "About 2" on the label of Uncle Ben's Ready Rice complies with the applicable FDA regulations even if the package contains less than 2 cups of rice, which means that Vigil fails to state a state-law claim premised on the violation of these federal regulations.

In opposition to the motion to dismiss, Vigil acknowledges that Mars is correct about the applicable FDA regulations, and concedes that the number of "servings per container" on the label is accurate within the meaning of those regulations.[1] Vigil then tries to characterize her lawsuit as alleging something different. Specifically, she tries to characterize her lawsuit as alleging that Mars, while perhaps not misrepresenting the number of servings per container, is misrepresenting the amount of rice per serving. However, that is not what the complaint actually alleges, as the above-quoted language from paragraph ten shows. Nor is Vigil's passing reference in the complaint to the increments in which servings per container should be expressed sufficient to support the claim she is asserting now in her opposition brief. In light of the concession Vigil makes regarding the number of servings per container, and in light of the fact that her lawsuit is, in fact, about the number of servings per container, the lawsuit is dismissed for failure to state a claim.

If Vigil wishes to amend her complaint, she may do so within 14 days of this Order. Counsel for Vigil is instructed, however, to read the reply brief filed by Mars very carefully, and to satisfy themselves that the new theory they have expressed in their opposition brief is consistent with Rule 11.

**IT IS SO ORDERED.**

Dated: October 7, 2016

_____
VINCE CHHABRIA
United States District Judge

---

[1] Vigil makes this concession "for the purposes of this motion." It's not clear what that means.